RECEIVED
IN ALEXANDRIA, LA
APR 15 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHNNY RAY CHANDLER<br>    FED. REG. NO. 11977-007<br>VS.<br><br>WARDEN JOE KEFFER, ET AL. | CIVIL ACTION NO. 1:09-CV-0280<br><br>SECTION P<br><br>JUDGE DRELL<br><br>MAGISTRATE JUDGE KIRK |

## MEMORANDUM ORDER

*Pro se* plaintiff Johnny Ray Chandler filed the instant civil rights complaint pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) on February 19, 2009. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary, Pollock, Louisiana, and he complains that he was the victim of an attack by a fellow inmate in December 2008.

Plaintiff has asked to be allowed to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. §1915 and has requested an extension until May 27, 2009 to file the appropriate forms and application. [rec. doc. 8] Further review of the United States Court records reveals that since his incarceration, Chandler, while a prisoner, has filed numerous civil rights lawsuits in the United States Courts, and, at least three of

those complaints were dismissed as frivolous.[1]

28 U.S.C. §1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Chandler is well aware of this provision. It has been invoked to deny him *in forma pauperis status* in numerous lawsuits filed in the United States District Courts. See for example <u>Johnny Ray Chandler v. Federal Bureau of Prisoners, et al.</u>, No. 3:08-cv-0555, United States District Court for the Middle District of Pennsylvania; <u>Johnny Ray Chandler v. T. Mason, et al.</u>, No. 1:03-cv-112, United States District Court for the Northern District of Georgia.

Chandler claims that he is in imminent danger of serious injury but nothing in his pleadings supports this conclusory allegation. To the contrary, Chandler has claimed that he was attacked by an inmate in December 2008 and that this attack

---

[1] See <u>Ibrahim v. District of Columbia</u>, 208 F.3d 1032 (D.C.Cir. 2000) citing, <u>Chandler v. District of Columbia Department of Corrections</u>, No. 95-2366, slip op. at 2-6 (D.D.C. March 11, 1996) (recounting numerous dismissals of complaints filed by Chandler).

necessitated 13 stitches in his forehead; however, he further alleged that following the attack he was incarcerated with another inmate. In the four months that have elapsed since the December 2008 assault, plaintiff has complained of no subsequent attacks. In Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir.1998), the Fifth Circuit held that the determination as to whether a prisoner is in "imminent danger" must be made as of the time that he seeks to file his complaint.

Plaintiff has filed an original complaint [rec. doc. 1] on February 19, 2009; an amended complaint and motion for TRO [rec. doc. 3] on March 18, 2009; a motion for TRO [rec. doc. 4] on the same date; a Motion to Proceed In Forma Pauperis [rec. doc. 7] on April 7, 2009 and a Motion for Extension [rec. doc. 8] on the same date. None of these pleadings alleged the existence of a credible and imminent threat to Chandler's safety or welfare. In short, Chandler is not eligible to proceed in forma pauperis in this matter. Therefore

**IT IS ORDERED** that the order granting an extension of time for Chandler to submit an in forma pauperis application [rec. doc. 9] is **REVOKED** and **RESCINDED**;

**IT IS FURTHER ORDERED** that in order for this complaint to remain viable, plaintiff must pay the full filing fee of $350.00 within twenty (20) days from the date of this order. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING**

**STRICKEN FROM THE RECORD.**

In Chambers, Alexandria, Louisiana ___April 15 2009___, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE